UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

      v.                                                          **DECISION AND ORDER**
                                                                 03-CR-18S

JEREMIAH K. CLARK,

               Defendant.

---

## I. INTRODUCTION

On July 29, 2005, after a week-long trial, the jury returned a guilty verdict against Defendant Jeremiah K. Clark on Counts I and II of a three-count Indictment, which charged him with violating 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (felon in possession of a firearm) and 21 U.S.C. § 844(a) (unlawful possession of a controlled substance), respectively.[1]

Presently before this Court is Defendant's timely post-trial motion seeking a judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure or alternatively, a new trial pursuant to Rule 33 of the same rules.[2] The Government opposes the motion. For the reasons discussed below, Defendant's motion is denied in its entirety.

---

[1] The third count of the Indictment charged Defendant with violating 18 U.S.C. §§ 922(g)(3) and 924 (a)(2) (unlawful user of cocaine in possession of a firearm). This Court granted Defendant's motion for judgment of acquittal on Count III at the conclusion of the Government's case-in-chief.

[2] In support of his motion, Defendant filed the Affidavit of Angelo Musitano, Esq., with attached exhibits. In opposition to Defendant's motion, the Government filed a memorandum of law with attached exhibits. This Court took the motion under advisement without oral argument.

## II.  BACKGROUND[3]

On November 16, 2002, officers of the Niagara Falls Police Department and the Niagara County Sheriff's Department responded to a 911 emergency call from an individual inside a bar located in Lockport, N.Y.  The caller identified herself by first name only, and reported that two men had been in the bar looking for a fight.  The caller further reported that the two men had guns and were outside the bar sitting in a white Jeep Cherokee.

When the police officers arrived at the scene, they observed four individuals sitting in a white Jeep Cherokee, including Defendant, who was seated in the driver's seat.  After approaching the vehicle and removing the occupants, the police officers discovered a handgun under the driver's seat.  Later, the officers discovered cocaine in the back seat of the patrol car used to transport Defendant to police headquarters.

## III.  DISCUSSION

**A.    Rule 29**

Rule 29(a) provides, in pertinent part, that upon the defendant's motion, a court must "enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction."  The focus of a Rule 29 motion therefore falls on the sufficiency of the evidence presented in the government's case-in-chief.  See United States v. Saneaux, No. 03 CR 781, 2005 WL 2875324, at *2 (S.D.N.Y. Nov. 1, 2005).

A defendant challenging the sufficiency of the evidence bears a heavy burden.  See United States v. Autuori, 212 F.3d 105, 114 (2d Cir. 2000); United States v. Walker, 142 F.3d 103, 112 (2d Cir.1998).  A district court may enter a judgment of acquittal on the grounds of insufficient evidence only if "after viewing the evidence in the light most

---

[3]As counsel did in their motion papers, this Court assumes familiarity with the pretrial proceedings and trial evidence in this case.

2

favorable to the prosecution and drawing all reasonable inferences in the government's favor, it concludes no rational trier of fact could have found the defendant guilty beyond a reasonable doubt." United States v. Reyes, 302 F.3d 48, 52 (2d Cir. 2002); see also United States v. Jackson, 335 F.3d 170, 180 (2d Cir. 2003); United States v. Skinner, No. 03-CR-11, 2005 WL 782811, at *1 (W.D.N.Y. Apr. 6, 2005). Stated another way, "the court may enter a judgment of acquittal only if the evidence that the defendant committed the crime is non-existent or so meager that no reasonable jury could find guilt beyond a reasonable doubt." United States v. Guadagna, 183 F.3d 122, 130 (2d Cir. 1999) (citation and quotation omitted).

When considering the trial evidence, "the court must be careful to avoid usurping the role of the jury." See Reyes, 302 F.3d at 52. The court is not permitted to "substitute its own determination of the weight of the evidence and the reasonable inferences to be drawn for that of the jury." Guadagna, 183 F.3d at 130 (internal quotations and citations omitted). The court must give "full play" to the jury's credibility determinations, weighing of the evidence, and drawing of justifiable inferences of fact. See United States v. Spadoni, No. 00-CR-217, 2005 WL 2275938, at *3 (D. Conn. Sept. 15, 2005) (citing Guadagna, 183 F.3d at 129).

To sustain its burden at trial on Count I, the felon in possession of a firearm charge, the Government had to prove beyond a reasonable doubt that (1) Defendant had been convicted, in any court, of a crime punishable by imprisonment for a term exceeding one year, (2) Defendant knowingly possessed the firearm, and (3) the possession of the firearm affected interstate commerce. In order to prove Count II, the unlawful possession of a controlled substance charge, the Government had to prove beyond a reasonable doubt that (1) Defendant possessed cocaine, and (2) Defendant knew that he possessed a

controlled substance.

Without elaboration, Defendant claims that the Government's evidence was insufficient to prove his guilt on both Count I and Count II. However, Defendant does not point to any specific deficiency in the Government's proof or identify any element of either crime on which the Government's proof was faulty. Defendant has therefore failed to carry his "heavy burden." Autuori, 212 F.3d at 114.

Having presided over this trial and having heard the Government's evidence, this Court is fully satisfied that the Government's proof was sufficient on each and every element of Counts I and II to support the jury's guilty verdict. This conclusion is particularly inescapable when the evidence and all reasonable inferences are considered in the light most favorable to the Government, as is required under Rule 29. See Reyes, 302 F.3d at 52. Accordingly, Defendant's request for a judgment of acquittal is denied.

**B.      Rule 33**

Rule 33 authorizes the court to "vacate any judgment and grant a new trial if the interest of justice so requires." See also Eberhart v. United States, __ U.S. __, 126 S.Ct. 403, 403, __ L.Ed.2d __ (2005)[4] (per curiam). While the standards governing Rule 29 and Rule 33 motions are similar, the Second Circuit has commented that "[g]enerally, the trial court has broader discretion to grant a new trial under Rule 33 than to grant a motion for acquittal under Rule 29, but it nonetheless must exercise the Rule 33 authority sparingly and in the most extraordinary circumstances." United States v. Ferguson, 246 F.3d 129, 134 (2d Cir. 2001) (citation and quotation omitted); see also United States v. Costello, 255 F.2d 876, 879 (2d Cir. 1958) ("it is well-settled that motions for new trials are not favored

---

[4]Also available electronically at 2005 WL 2838595.

and should be granted only with great caution").

In determining whether a new trial is required, "[t]he district court must strike a balance between weighing the evidence and credibility of witnesses and not 'wholly usurping' the role of the jury." United States v. Schlesinger, Cr. No. 02-485, 2005 WL 2482528 (E.D.N.Y. Oct. 7, 2005) (quoting Ferguson, 246 F.3d at 133, 134, in turn citing, Autuori, 212 F.3d at 120). Generally, trial courts "must defer to the jury's resolution of the weight of the evidence and the credibility of the witnesses." United States v. LeRoy, 687 F.2d 610, 616 (2d Cir. 1982). It is only in exceptional circumstances that the court may invade the jury's function in this regard. See Ferguson, 246 F.3d at 133-134 (citing United States v. Sanchez, 969 F.2d 1409, 1413 (2d Cir. 1992)). Exceptional circumstances may be found, for example, where the trial testimony or evidence is "patently incredible or defies physical realities." Sanchez, 969 F.2d at 1413.

The Second Circuit has set forth the relevant considerations as follows:

> The ultimate test on a Rule 33 motion is whether letting a guilty verdict stand would be a manifest injustice. The trial court must be satisfied that competent, satisfactory and sufficient evidence in the record supports the jury verdict. The district court must examine the entire case, take into account all facts and circumstances, and make an objective evaluation. There must be a real concern that an innocent person may have been convicted.

Id.

Defendant argues that he is entitled to a new trial because the key physical evidence in this case was obtained by law enforcement officials illegally. This argument revisits Defendant's Motion to Suppress the firearm and cocaine evidence collected by police officers on the night in question. In a Report and Recommendation filed on April 9, 2004, the Honorable H. Kenneth Schroeder, Jr., United States Magistrate Judge,

recommended that Defendant's Motion to Suppress the firearm and cocaine evidence be denied. This Court accepted that recommendation on August 9, 2004.

The basis of Defendant's Motion to Suppress was that the information from the 911 caller did not give the police officers reasonable suspicion to stop and investigate the Jeep Cherokee and its occupants. Judge Schroeder rejected this argument, and instead found that under the totality of the circumstances "the officers had a 'particularized and objective basis for suspecting legal wrongdoing' or that 'criminal activity may be afoot' and that the occupants of the white Jeep Cherokee outside of Gonzo's Bar were 'about to be engaged in criminal activity.'" (See Report and Recommendation, Docket No. 29, p. 15-16 (citing United States v. Arvizu, 534 U.S. 266, 273-74 (2002)).

Defendant now maintains that the Government misrepresented to Judge Schroeder that it knew the identity of the 911 caller, when in fact, the 911 caller's identity was not discovered until the eve of trial.[5] In particular, Defendant argues that Judge Schroeder would have suppressed the firearm and cocaine evidence under Florida v. J.L if he was aware that the identity of the 911 caller was unknown. 529 U.S. 266 (2000). Defendant therefore argues that the firearm and cocaine should have been suppressed and that it would now be a manifest injustice to deny him a new trial.

The Government denies misleading Judge Schroeder, and a close review of the record reveals that Defendant's argument is indeed factually inaccurate. It is clear from Judge Schroeder's Report and Recommendation that he was aware that the true identity of the caller was unknown. In his Report and Recommendation, Judge Schroeder recounts

---

[5]The Government discovered that Ms. Evelyn Fluellen was the 911 caller approximately one week before trial while interviewing one of its other trial witnesses, Ms. Donna Johnpier. Both Ms. Fluellen and Ms. Johnpier testified at trial.

6

that "the caller identified himself/herself to Ms. Verhein by first name only."[6]  (See Report and Recommendation, Docket No. 29, p. 3.)  Moreover, in discussing the totality of the circumstances, Judge Schroeder found that "[t]he identifying information pertaining to the 911 caller, to wit, first name and place from where calling . . . distinguishes this call from that in Florida v. J.H. [sic], *supra* wherein the police received a tip from an unknown caller from an unknown location involving an unidentified person."  (See Report and Recommendation, Docket No. 29, p. 16.)

Nothing in the record suggests that Judge Schroeder was under the impression that the Government was aware of the 911 caller's true identify, as opposed to simply being aware of the caller's purported first name.  It is clear that throughout the proceedings at the magistrate level, the Government consistently advised both defense counsel and Judge Schroeder that only the caller's first name was known.  Indeed, the caller's true identity was not discovered until the week before trial commenced.  Thus, there is no basis to conclude that the Government mislead Judge Schroeder into believing that the 911 caller's true identity was known, and no basis to conclude that Judge Schroeder held such a belief.  Accordingly, Defendant's argument in support of a new trial fails.  Because Defendant has failed to establish any miscarriage of justice, this Court finds no cause to grant him a new trial under Rule 33.  See Spadoni, 2005 WL 2275938, at *11.

## IV.  CONCLUSION

For the reasons set forth above, Defendant's motion seeking a judgment of acquittal or a new trial is denied.

---

[6] Ms. Verhein was the 911 dispatcher who received Ms. Fluellen's call.

## V.  ORDERS

IT HEREBY IS ORDERED, that Defendant's Motion for Acquittal and for a New Trial (Docket No. 81) is DENIED.

FURTHER, that the Defendant shall appear before this Court on January 6, 2005 at 10:00 a.m. for sentencing.

SO ORDERED.


Dated:   November 16, 2005
         Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge